**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1020-20

JOSE VARGAS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 19, 2022 – Decided September 30, 2022

Before Judges Mawla and Marczyk.

On appeal from the New Jersey Department of Corrections.

Jose Vargas, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jose Vargas is imprisoned in the State's correctional system. He appeals from a final agency decision of the New Jersey Department of Corrections (DOC) upholding an adjudication and sanctions for committing prohibited act *.254, "refusing to work, or to accept a program or housing unit assignment." N.J.A.C. 10A:4-4.1(a)(2)(xvi).[1] Having reviewed the record in light of the applicable legal principles, we affirm.

On October 29, 2020, Vargas alleges he was in line for his medication when he approached an officer from his unit and advised that he had been threatened by other inmates over the past twenty-four hours, and he wished to transfer to another facility. Vargas claims he was handcuffed and eventually transported to another facility. He was then charged with prohibited act *.254, "refusing to work, or to accept a program or housing unit assignment." N.J.A.C. 10A:4-4.1(a)(2)(xvi). The matter was subsequently referred to a hearing officer.

A disciplinary hearing was held on November 4, 2020, at which time Vargas entered a plea of not guilty. He requested the assistance of counsel substitute, which was granted. Vargas indicated at the hearing that he had been

---

[1] Effective May 17, 2021, prohibited act *.254 was recategorized from a Category C offense to a Category B offense. Under both categories, infractions "preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions. . . ." N.J.A.C. 10A:4-4.1(a).

threatened and that was why he did not return to his unit. He was given an opportunity to present witnesses, but he declined.

The hearing officer considered the testimony and evidence presented, found Vargas guilty, and sanctioned him to sixty days in restorative housing and fifteen days loss of recreation privileges. The hearing officer further indicated Vargas cannot dictate where he is housed and must follow proper procedures. She also indicated she granted leniency. On November 9, 2020, Vargas filed an administrative appeal and advanced the same arguments he did before the hearing officer. On November 12, 2020, the assistant superintendent upheld the decision along with the sanctions the hearing officer imposed. This appeal followed.

Vargas raises the following points for our consideration:

> POINT I
>
> THE HEARING OFFICER ERRED IN FINDING APPELLANT GUILTY BECAUSE THE RIGHT TO USE THE OFFICER AS A WITNESS WAS DENIED AND THE RIGHT TO EXPLAIN THAT [VARGAS'] LIFE WAS BEING THREATENED SHOULD NOT BE A MEANS TO A FINDING OF GUILT.
>
> POINT II
>
> THE HEARING OFFICER ERRED IN FINDING APPELLANT GUILTY BECAUSE THERE WAS NO INFRACTION VIOLATION.

More particularly, Vargas appears to contend that he was not able to call the investigating officer as a witness. Vargas further asserts the hearing officer failed to investigate and interview witnesses.

The DOC counters its final decision should be affirmed because Vargas' hearing comported with all due process requirements, and substantial credible evidence supported the conclusion he was guilty. The DOC submits that Vargas advised an officer that he would not be returning to his housing unit. When Vargas failed to comply with orders to return, he was handcuffed and transferred to the infirmary for a medical evaluation.

DOC staff charged Vargas, and the Special Investigation Division conducted an investigation. It further indicates that being threatened is not a basis for refusing to return to a housing assignment. If an inmate feels threatened or is in jeopardy, he can request to be placed in protective custody, but that request must be made in writing using the appropriate form. The reasons are then investigated by the DOC pursuant to N.J.A.C. 10A:5-5.1(b). Vargas did not do that here. Instead, he simply refused to return to his housing unit. Finally, Vargas declined the opportunity to call any witnesses at the hearing.

Our review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); Figueroa

A-1020-20

v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence[2] in the record as a whole." Stallworth, 208 N.J. at 194 (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).[3]

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in applying the "legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). In addition, prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford,

---

[2] "Substantial evidence has been defined alternately as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard v. New Jersey Dep't of Corr., 461 N.J. Super. 231, 238 (App. Div. 2019) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

[3] Although we afford deference to an administrative agency's determination, our review is not perfunctory and "our function is not to merely rubberstamp an agency's decision." Figueroa, 414 N.J. Super. at 191. We must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. N.J. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

67 N.J. 496, 522 (1975).  However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process.  See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having considered the record in view of the foregoing principles, we are satisfied there is substantial credible evidence supporting the DOC's findings that Vargas committed prohibited act *.254.  Vargas admits he refused to return to his cell, and the hearing officer rejected his argument as to why he refused to return, which the DOC upheld.  Vargas' other arguments are undermined by the record.  Vargas declined to call any witnesses, and the counsel substitute confirmed the hearing officer's adjudication report was accurate where it reflected defendant refused to call any witnesses.  Moreover, the hearing officer did not have an obligation to independently investigate this matter.

We are satisfied the hearing officer's decision was based on sufficient credible evidence, and we find no basis to conclude the DOC's findings and imposition of sanctions were arbitrary, capricious, or unreasonable.  See

A-1020-20

Stallworth, 208 N.J. at 194; In re Carter, 191 N.J. at 482-83. We therefore affirm the DOC's final decision.

Any remaining arguments we have not addressed directly are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1020-20